[Civ. No. 20833. First Dist., Div. Three. Dec. 26, 1963.]

EDMUND SCHRAMKO, Plaintiff and Appellant, v. MONT-GOMERY WARD & COMPANY, INC., et al., Defendants and Respondents.

Barnett & Robertson and Rodney Robertson for Plaintiff and Appellant.

Berry, Davis, Channell & McNamara for Defendants and Respondents.

DEVINE, J.—Appellant is plaintiff in an automobile accident case. His vehicle was struck by a huge truck which was making a left turn into the street on which appellant's car was, appellant's vehicle being faced in the opposite direction to that of respondents' rig after the latter completed the turn. Specifically, appellant's car faced north, the truck turned from east at the intersection to south.

It is undisputed that the collision occurred on the left, or wrong, side of the street, from the truck's standpoint; this was the street being entered by the truck. The truck was about 3 feet over the center line at the point of impact. The driver had pleaded guilty to a charge of making an improper left turn, and this plea was brought out as an admission at the accident trial. Although respondents do not concede negligence, it seems that the main issue was that of contributory negligence.

### Facts and Decision on Instruction
### Bearing on Negligence

█ There is, however, one aspect of the case relating to negligence of the truck driver which must be considered, namely, whether it was error for the court to instruct on the provisions of Vehicle Code section 21650, subdivision (b). The instruction as given is: "Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, except as follows: (b) When placing a vehicle in a lawful position for, and when the vehicle is lawfully making, a left turn."[1] Appellant contends that this instruction was inappropriate and misleading because it might have caused the jury to believe that it is lawful, in making a left turn, to drive into the left half of the roadway that is being entered. The subdivision of the code section, says appellant, is intended only to state that it is not unlawful for the driver making a left turn to do what he obviously must do, that is, turn into and across the left lane of the roadway which he is leaving.

It may be that the giving of the instruction was unnecessary, but it was not prejudicially erroneous. The court also

[1]The section was amended in 1961, but the above was its reading at the time of the accident.

instructed on the requirement in Vehicle Code section 22100 that a "left turn shall be made so as to leave the intersection in a lane lawfully available to traffic moving in such direction upon the roadway being entered." As will appear in the discussion of contributory negligence, the main point of controversy, and perhaps the only one, on the subject of liability was whether appellant's vehicle had remained in a position behind the crosswalk and was struck by respondents' rig while this was leaving the intersection, as contended by appellant; or had moved forward, as contended by respondents. If when the truck struck appellant's car, the latter was where appellant contends it was, the truck driver obviously would have been violating section 22100.

Appellant's counsel was apprised by the court, in a session on instructions outside the jury's presence, of the court's intention to give section 21650, subdivision (b), and appellant's counsel replied, "21650. Yes." This is cited not to show waiver, but to point out that counsel was alerted to what was coming, and could have explained the matter to the jury. The arguments are not before us.

### Facts and Decision on Contributory Negligence

Appellant contends that there is no substantial evidence of contributory negligence, and that this defense should have been withdrawn from the jury's consideration. Appellant's own testimony is that he stopped for a red light at the line of the crosswalk though there was no painted or designated line; that he did not move forward after the stop; that the truck made its left turn and he could see that the rear would hit his car, but that it was too late to reverse, and all he could do was hug the steering wheel for support; that his car was shoved back 4 or 5 feet by the collision. A pedestrian testified that she saw appellant's car stopped where appellant says it was; that she did not see it move forward; that the truck "cut the corner"; that the rig struck appellant's car, the latter being on its own side of the street; that appellant's car was pushed backward. A police officer testified that the truck was partly over the center line.

Against all of the foregoing, respondents' evidence was this: the truck driver testified that during his turn, he saw appellant's vehicle, stopped about 9 feet south of a stop sign. The sign is at the southerly line of the crosswalk. But the location of appellant's vehicle, as fixed by the police, immediately after the accident, was approximately abreast of the stop sign. Since the car had been pushed backwards about

4 feet by the impact, it must have been driven forward before the collision at least 13 feet. Therefore, respondents argue, the inference is reasonable that appellant left a place of safety during the time the large rig was being turned and drove forward to the place of impact, and in doing so was guilty of contributory negligence.

The trial court was bound to give instructions on contributory negligence, under this state of the evidence. (*Phillips* v. *G. L. Truman Excavation Co.*, 55 Cal.2d 801, 806 [13 Cal. Rptr. 401, 362 P.2d 33].) ■ Negligence may be established by circumstantial evidence, which is nothing more than one or more inferences which may be said to arise reasonably from a series of proven facts. (*Clayton* v. *J. C. Penney Co.*, 186 Cal.App.2d 1, 5 [8 Cal.Rptr. 712].) Apparently, the jury drew the inference favorable to respondents, as was its right to do.

■ The theory of respondents that appellant had moved forward and entered the crosswalk, as supported by the evidence related above, also justified giving of an instruction on that part of Vehicle Code section 22500 which makes it illegal to stop a vehicle on a crosswalk, except when necessary to avoid conflict with other traffic or in compliance with certain official directions. It also justified instructing on that part of Vehicle Code section 21451 which provides that vehicular traffic shall yield the right of way to other traffic which is already in the intersection, on respondents' proposition that appellant's car was being moved forward from the near side of the crosswalk line (where it was obliged to remain during the red-light period by section 21453 of the Vehicle Code) at the moment of impact.

### Facts and Decision on Pretrial Conference Order

Appellant contends that contributory negligence was not a proper issue in the case because it was eliminated by the pretrial conference order. Contributory negligence was pleaded in the answer, but was ruled out of the case at pretrial, over defendants' objection. It is inferable from the letter referred to presently that defense counsel did not know what the contributory negligence might be. After returning to his office and studying the file, counsel wrote to the pretrial judge stating that his clients' contention was that plaintiff had moved forward after the trailer began its left turn and that this action proximately resulted in the accident. Counsel challenged the right of the court to adjudicate

a controverted fact or to expunge an issue based on controverted facts, and requested amendment of the order to include contributory negligence. The next day, the pretrial judge included contributory negligence as an issue.

No copy of the letter was sent to counsel for plaintiff, nor was formal motion made to amend the order, and plaintiff's counsel was not aware that contributory negligence was an issue in the case until the morning of the trial. Appellant points to rule 216 of California Rules of Court, which provides that if the pretrial order is inconsistent with the pleadings, the order controls the subsequent course of the case unless modified at or before trial to prevent manifest injustice; to rule 215, which provides the means for correction, namely, a request by counsel within five days after service of a copy of the pretrial order, which the court may deny, grant or consider at a hearing; and to rule 218, which provides that the pretrial conference order and any proceeding to correct or modify it may be reviewed on appeal from final judgment.

■ The pretrial conference order may be amended at the time of trial to prevent manifest injustice. (Cal. Rules of Court, rule 216.) ■ Here, the order had been amended, although without notice, and the court's problem was whether to allow the amendment to stand, which would have the same effect as amendment at trial. The court, in the absence of the jury but in the presence of counsel, asked counsel for plaintiff if he wished to make a motion, to which counsel replied that he had had no notice of the issue of contributory negligence, and said, ''I merely make that statement and reserve whatever rights we may have in the matter.'' He did not make any motion for continuance, for deletion of the issue from the pretrial conference order, or for anything else. After the facts were put before the judge, including expression of regret from defense counsel that a copy of the letter had not been sent, the judge asked appellant's counsel if he had been misled to any extent, and he replied that he could not answer, that he would like to give some thought to it but was reserving whatever rights he might have. The court asked if he requested a continuance and he said no. Thereupon the court proceeded to trial.

By proceeding to trial upon the pretrial conference order as corrected, the trial judge was doing no more than what might have been done anyway, by motion to correct at trial in accordance with rule 216. The trial court's action, there-

fore, was plainly within its jurisdiction, and it remains for us to consider only whether there was an abuse of discretion. This consideration may be divided into three parts, because the matter came before the court three times.

The first was in the conference between the court and counsel, before trial, as related above. When the regrettable situation was explained to the trial judge, she had, it would seem, three alternatives: She could, perhaps, strike the defense of contributory negligence because of the failure of defense counsel to notify their adversary, but even if this were within the judge's jurisdiction, motion to do this had not been made by plaintiff's counsel. She could have brushed aside the observations of plaintiff's counsel, because there was no motion before her. Instead, the judge took a third and considerate course, asking counsel if he had been misled and if he wished a continuance. Plainly, the judge was making a sensible effort to offer a remedy.

At the conclusion of the evidence, counsel for appellant moved that contributory negligence be eliminated from the case, stating that there was no evidence of such negligence. The earlier discussion was briefly recalled, but there was no clear-cut motion that the defense be eliminated on the ground of surprise arising from amendment to the pretrial conference order. The motion seems to have been based primarily upon asserted lack of evidence of contributory negligence, and counsel argued this matter to the judge as, presumably, they argued it later to the jury. Appellant's counsel made no point at the time of prejudice to him because of the amendment to the pretrial conference order, by specification of witnesses who might have been called, or evidence which might have been produced. Again, there was no motion for additional time.

The third time at which this matter was brought before the court was on motion for new trial. At this stage, an affidavit of counsel was offered in which there were names of witnesses who might have been called, and there was mention of photographs which might have been taken. It was a matter for the trial court to decide whether appellant had been caught by accident or surprise which ordinary prudence could not have guarded against. It is somewhat significant that the matters contained in the affidavit are not mentioned in the brief on appeal.

Judgment affirmed.

Draper, P. J., and Salsman, J., concurred.